IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BYRON L. SIMMONS,
      Petitioner,

vs.                          Case No. 3:12cv358/MW/CJK

ALAN PIPPIN,
        Respondent.
_____

## REPORT AND RECOMMENDATION

      Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition on the grounds that all of petitioner's claims are procedurally defaulted. (Doc. 14). Relevant portions of the state court record have been provided. (*Id*., Attach.). Petitioner has not responded in opposition to dismissal. (*See* Doc. 16). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that all of petitioner's claims are procedurally defaulted, and that the petition should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On November 1, 2007, petitioner was charged in Escambia County Circuit Court Case Number 07-5103 with Burglary of an Occupied Dwelling (Count 1) and Criminal Mischief, Greater than $200 but less than $1,000 (Count 2). (Doc. 14, Ex. B).[1] Petitioner was appointed counsel and entered into plea negotiations with the State. Petitioner and the prosecutor reached an agreement that petitioner would plead no contest to Count 1 as charged, and no contest to the lesser included offense of Criminal Mischief, Less than $200 on Count 2, in exchange for a negotiated sentence of twenty-four months probation on Count 1 and six months probation on Count 2 to run concurrent to Count 1. (Ex. C). Had petitioner gone to trial and lost, his maximum possible sentences were fifteen years incarceration on Count 1 and one year of incarceration on Count 2. (*Id*.). Petitioner executed a written plea agreement on March 11, 2008, acknowledging his understanding of the plea agreement, certifying that his plea was voluntary and free from coercion, certifying that he understood the nature of the charges and the consequences of his plea, and certifying that he fully understood the constitutional rights he was giving up by entering a plea and that he knowingly and voluntarily waived those rights. (*Id*.). The trial court conducted a plea colloquy on March 11, 2008, and, after finding petitioner's plea freely and voluntarily made, accepted petitioner's plea, adjudicated him guilty and sentenced him to the negotiated sentence. (Exs. D, E). The terms of petitioner's probation were modified on September 15, 2008, to allow contact with the victim, but no violent contact. (Ex. F).

On August 5, 2009, an affidavit of probation violation was filed alleging five

---

[1] Hereafter, all references to exhibits will be to those provided at Doc. 14, unless otherwise noted.

separate violations of the terms of petitioner's probation. (Ex. G). An evidentiary hearing on the alleged violations was held December 29, 2009. (Ex. H1). The State announced it would not pursue Violations 1 and 5, but would proceed on Violation 2 (new law violation: aggravated battery), Violation 3 (new law violation: robbery) and Violation 4 (failure to pay restitution). (Ex. H1, p. 4). At the conclusion of the hearing, the trial court found petitioner not guilty of alleged Violation 3, but guilty of Violations 2 and 4. (*Id*., pp. 47-48). The trial court revoked petitioner's probation and imposed sentence on Count 1 of seventy-two months incarceration. (*Id*., p. 53). Judgment and sentence on Count 1 was rendered December 29, 2009, with the Order of Revocation of Probation rendered January 7, 2010. (Ex. I).

Petitioner filed a notice of appeal. (Ex. J). The appeal was assigned Case Number 1D10-0425. Petitioner's appellate counsel filed an *Anders* brief, asserting that no good faith argument could be made in the appeal; that the statement of judicial acts to be reviewed asserted that there were no known judicial acts to be reviewed; and that although the appellate court should review "the propriety of the trial court's rulings," they appeared to be legal. (Ex. K). Appellate counsel flagged no particular issues or rulings. Petitioner was given the opportunity to file a *pro se* brief. (Ex. L). Petitioner did not file a *pro se* brief. (*See* www.1dca.org, Case No. 1D10-0425 docket sheet). Petitioner's judgment of conviction was affirmed, per curiam and without written opinion, on July 22, 2010. *Simmons v. State*, 41 So. 3d 898 (Fla. 1st DCA 2010) (Table) (copy at Ex. M).

On December 1, 2010, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. N). Petitioner's motion presented two grounds for relief: (1) "The defendant's attorney was ineffective for neglecting his constitutionally mandated obligation to provide the defendant with effective

assistance of counsel at sentencing for violation of probation and revocation of probation for failure to object to the trial court revoking the defendant's probation for occupied burglary of a dwelling and imposing a sentence of 72 months in prison based solely on the defendant's admission to having been arrested"; and (2) "The defendant's attorney was ineffective for neglecting his constitutionally mandated obligation to provide the defendant with effective assistance of counsel at sentencing for violation of probation and revocation of probation for failure to object to the trial court revoking the defendant's probation where the trial court lacked jurisdiction to revoke probation on the basis of affidavit of violation of probation filed after expiration of the original six month period." (Ex. N). The postconviction court summarily denied relief without an evidentiary hearing. (Ex. O). The Florida First District Court of Appeal ("First DCA") issued a per curiam affirmance without written opinion. *Simmons v. State*, 64 So. 3d 1266 (Fla. 1st DCA 2011) (Table) (copy at Ex. P). The mandate issued July 19, 2011. (Ex. Q).

On January 2, 2012, petitioner filed a state habeas corpus petition in the Escambia County Circuit Court, asserting that his due process rights were violated because "it was error to revoke his probation based solely on his admission to having been arrested." (Ex. R, p. 3). The state habeas court summarily denied relief on state procedural grounds, finding that petitioner's claim was "inappropriate for a habeas corpus proceeding", because it could have been, or was, raised on direct appeal or in a motion for postconviction relief. (Ex. S). Petitioner filed a notice of appeal. (Ex. T). Petitioner's appeal was dismissed on September 12, 2012, pursuant to petitioner's notice of voluntary dismissal. (Ex. U).

On July 19, 2012, petitioner filed a motion to correct sentence under Florida Rule of Criminal Procedure 3.800(a) seeking credit for county jail time served. (Ex.

V).  The trial court issued an order on August 20, 2012, finding that petitioner was entitled to an additional 29 days of jail credit, and directing the Clerk "to correct the sentence reflecting the total amount of credit to 379 days instead of the prior 350 days."  (Ex. W).  A corrected judgment and sentence was entered August 22, 2012.  (Ex. X).

Petitioner commenced this § 2254 proceeding on July 19, 2012.  (Doc. 1, p. 6).  The petition presents three grounds for relief.  Respondent moves to dismiss the petition on grounds of procedural default, arguing that petitioner failed to present his claims to the state courts and is now procedurally barred from doing so.  (Doc. 14).

## EXHAUSTION AND PROCEDURAL DEFAULT

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[2] thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364,

---

[2]Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts). A claim is also considered procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, the federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state

procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)); *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008) ("[E]xternal impediments [sufficient to establish "cause"] include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel."). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id.*

# DISCUSSION

Ground One:  Due Process violation U.S.C. 14th Amendment

Petitioner alleges the following facts in support of this claim:

On December 29, 2009, Petitioner received a contested V.O.P. hearing. During this hearing, Petitioner was denied his guaranteed right of due process required by law by not being able to face his accuser who was subpoenaed by the state to testify against Petitioner, and failed to show at the hearing. (Exhibit A) Petitioner was also denied his right to present subpoenaed defense testimony on his own behalf, (Exhibit B) causing Petitioner to receive a fundamentally unfair outcome in the proceeding.

(Doc. 1, p. 4) (citing exhibits attached to the petition). Petitioner admits on the petition form that he did not present this claim to the state courts, explaining: "Petitioner relied upon other help and wan not familiar with the law." (*Id.*).

Respondent asserts, and the record confirms, that petitioner did not raise his due process/confrontation clause claim at the December 29, 2009 probation revocation hearing (Ex. H1), on direct appeal (Ex. K), in his Rule 3.850 postconviction motion (Ex. N) or by any other collateral means (Exs. R, V). Petitioner's Ground One, offered for the first time in petitioner's federal habeas petition, is not exhausted. Petitioner is now barred by state procedural rules from returning to state court to present his due process/confrontation clause claim. *See Hall v. State*, 823 So. 2d 757, 763 (Fla. 2002) ("[A]n issue not raised in an initial brief

is deemed abandoned"); Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."); Fla. R. Crim. P. 3.850(f) (barring second or successive postconviction motions). Petitioner has made none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas review of Ground One.

Ground Two:  Ineffective assistance of counsel

Petitioner alleges the following facts in support of this claim:

> On December 29th 2009, trial counsel for Petitioner, Mr. Jim Gustner failed to introduce defense witnesses that he specifically subpoenaed for Petitioner's contested V.O.P. hearing.  Exhibit B Petitioner's trial counsel proved to be deficient in his representation of the petitioner by not objecting to the state attorney's recorded statement that "the victim was served to testify and did not appear."  Exhibit A

(Doc. 1, p. 4) (citing exhibits attached to the petition).  When asked on the petition form whether he raised this claim in state court, petitioner checked the box marked, "Yes", but explained:  "The particular issues that Petitioner raises were not properly addressed in Petitioner's 3.850 motion as a result of relying upon someone else to present Petitioner's case."  (*Id*., pp. 4-5).

Respondent asserts, and the record confirms, that petitioner did not raise this ineffective assistance claim in his Rule 3.850 motion. There, petitioner presented two grounds of ineffective assistance, but neither of them mentioned counsel's failure to call a defense witness or failure to object to the state attorney's "recorded statement". (*See* Ex. N).  Petitioner did not present these issues by any other collateral means. (Exs. R, V).  Petitioner's Ground Two, offered for the first time in petitioner's federal habeas petition, is not exhausted.  *See Ogle v. Johnson*, 488 F.3d 1364, 1369 (11th Cir. 2007) ("'[A] habeas petitioner may not present instances of ineffective assistance

of counsel in his federal petition that the state court has not evaluated previously.'") *(quoting Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992)); *Jackson v. Herring*, 42 F.3d 1350, 1355 (11th Cir. 1995) ("Habeas petitioners generally may not raise ineffective assistance of counsel claims except on grounds specifically presented to the state courts."). Petitioner is now barred by state procedural rules from returning to state court to present this ineffective assistance claim. *See* Fla. R. Crim. P. 3.850(f) (barring second or successive postconviction motions). Petitioner has made none of the requisite showings to excuse his default. Petitioner's *pro se* status and lack of legal knowledge are not external impediments establishing "cause" for his procedural default. *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (holding that neither federal habeas petitioner's lack of legal education, nor his *pro se* status, constituted cause for his procedural default); *Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir. 1990) (a petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim"). Similarly, petitioner's reliance on the assistance of inmate clerks does not establish the requisite "cause". *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990) (poor advice from inmate law clerks during collateral proceedings will not establish petitioner's claim of cause for a procedural default as there is no right to legal counsel in such proceedings); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."). Petitioner's procedural default bars federal habeas review of Ground Two.

Ground Three:  Ineffective assistance of counsel

Petitioner alleges the following facts in support of this claim:

On December 29th 20009, Petitioner received a contested VOP

> hearing. Prior to Petitioner's contested hearing, previous trial counsel
> for Petitioner, Ms. Ibanez requested postponement for Petitioner's VOP
> hearing on two separate times due to new law violations that the
> Petitioner received while on probation. <u>Exhibit C</u> New counsel Mr.
> Gustner, was assigned to Petitioner in December of 2009 as stated by
> Mr. Gustner in his response from a complaint filed by the Petitioner to
> the Florida Bar Association. <u>Exhibit D</u> Mr. Gustner states in his
> response that his original plan <u>was</u> to ask for a continuance. <u>Exhibit E</u>.
> Mr. Gustner never asked for a continuance, being that he was new
> counsel and was not familiar with Petitioner's case. Instead, Mr.
> Gustner chose to try the new law violations without discussing with
> Petitioner <u>his</u> decision to try the new law violations, as Mr. Gustner
> states in his response. <u>Exhibit F</u>. Mr. Gustner did not have enough time
> between his trip to Minnesota and the Christmas holidays to prepare for
> an adequate defense for the Petitioner. Mr. Gustner placed the Petitioner
> on the stand, where Petitioner stated he was defending himself. <u>Exhibit</u>
> <u>G.</u> Mr. Gustner failed to investigate this defense theory and defense
> witnesses after the one time the Petitioner met with Mr. Gustner before
> his holiday trip. Mr. Gustner's lack of preparation and failure to
> investigate a proper defense and defense witnesses proves Mr. Gustner's
> actions prejudiced the outcome of Petitioner's hearing.

(Doc. 1, p. 5 and continuation page) (citing exhibits attached to the petition). When
asked on the petition form whether he raised this claim in state court, petitioner
checked the box marked, "Yes", but explained: "See previous comment to question
above." The "previous comment" petitioner references is his explanation for his
failure to exhaust Ground Two: " The particular issues that Petitioner raises were not
properly addressed in Petitioner's 3.850 motion as a result of relying upon someone
else to present Petitioner's case." (*Id*., p. 5).

Respondent asserts, and the record confirms, that petitioner did not raise this
ineffective assistance claim in his Rule 3.850 motion. Petitioner's Rule 3.850 motion
presented two grounds of ineffective assistance, but neither of them mentioned
counsel's failure to move for a continuance, counsel's failure to investigate and

prepare a defense, or counsel's failure to investigate defense witnesses. (*See* Ex. N). Petitioner did not present these issues by any other collateral means. (Exs. R, V). Petitioner's Ground Three, offered for the first time in petitioner's federal habeas petition, is not exhausted. *See, e.g, Ogle v. Johnson, supra*; *Jackson v. Herring, supra*. Petitioner is barred by state procedural rules from returning to state court to present this ineffective assistance claim. *See* Fla. R. Crim. P. 3.850(f) (barring second or successive postconviction motions). Petitioner has made none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas review of Ground Three.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 14) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1) be DISMISSED WITH PREJUDICE on the grounds of petitioner's failure to exhaust and procedural default of all claims raised in the petition.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 27th day of March, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).